UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 0 4 2008 ★
BROOKLYN OFFICE

B.H
S.I

------------------------------------X

DAYQUAN HOLMES, an infant by his
father and natural guardian MICHAEL SUPER,

             Plaintiff,

-against-

THE CITY OF NEW YORK, and
JOHN DOES 1 through 6,

             Defendants.

------------------------------------X

**08 1386**

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

**GARAUFIS, J.**
**GOLD, M.J.**

Plaintiff Dayquan Holmes, an infant by his father and natural guardian Michael Super, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff was a black, minor child and resident of Queens County, within the City and State of New York, and within the Eastern District of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department("NYPD") and its employees.

3. At all times hereinafter mentioned, defendant John Does 1 through 6, were

members of the NYPD, employed, retained, trained and supervised by New York City, and were state actors performing their duties under color of law.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

6. That plaintiff timely served a Notice of Claim on the municipal defendant.

7. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains or the plaintiff reaching his age of majority.

## RELEVANT FACTS

9. At or around the afternoon of December 9, 2007, plaintiff, then fifteen (15) years-old, was lawfully present on the sidewalk across the street from his home on 173rd Street in Jamaica, New York, at which time he was physically assaulted and arrested by the defendants.

10. Although defendants lacked reasonable cause to detain plaintiff, much less probable cause to arrest plaintiff, and even though Mr. Holmes had not and was not engaging in any criminal conduct, the defendant officers approached plaintiff and, without warning, knocked him to the ground.

2

11. While Mr. Holmes was lying prone on the ground, the defendant officers assaulted and arrested him, during the course of which they caused Mr. Holmes to sustain serious physical injuries.

12. At no time did the defendants have sufficient cause to detain, search, arrest or use any amount of physical force against Mr. Holmes, nor was there any basis for the defendants to reasonably believe that such cause existed.

13. Plaintiff was transported to the 103rd NYPD precinct, where he was further detained and processed. While in defendants' custody, he was verbally abused and humiliated.

14. Defendants sought to cause Mr. Holmes to be subjected to criminal prosecution, and referred the matter to Family Court for further charges to be filed.

15. Plaintiff was subsequently released to his parents' custody, following which the Office of the Corporation Counsel, acting in its capacity as prosecutor, determined that charges would not be filed against Mr. Holmes and that no referral for services would be made.

16. At all times relevant herein, each of the defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

17. Plaintiff repeats the allegations contained in paragraphs "1" through "16" above as though stated fully herein.

18. Defendants willfully and intentionally seized, searched, arrested and

3

imprisoned plaintiff without due cause, and without a reasonable basis to believe such cause existed.

19. Defendants willfully and intentionally subjected plaintiff to excessive force by employing more than what was reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

20. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution

21. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats the allegations contained in paragraphs "1" through "21" above as though stated fully herein.

23. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 103rd precinct specifically.

24. Upon information and belief, defendants knew that there was inadequate supervision within the 44th precinct on and prior to December 9, 2007, and that NYPD

4

guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members. Despite their prior notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were in place to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

25. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

26. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### THIRD CAUSE OF ACTION

27. Plaintiff repeats the allegations contained in paragraphs "1" through "26" above as though stated fully herein.

28. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

5

29. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

30. Such actions are believed to be comprised of, inter alia, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

31. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiff of his right to equal protection under the law and impeded the due course of justice, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

32. Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33. Defendants' violation of plaintiff's constitutional rights was motivated by defendants' racial animus towards plaintiff and was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of his race.

34. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FIFTH CAUSE OF ACTION

35. Plaintiff repeats the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, beaten, held in custody, and subjected to criminal process by the defendants.

37. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, beating and searching plaintiff, and commencing process, and said conduct, was unlawful.

38. The defendants are therefore liable to plaintiff for excessive force, false arrest and imprisonment, and malicious use and abuse of process.

39. By reason thereof, the defendants have caused plaintiff to suffer emotional

7

and physical injuries, mental anguish, and unlawful incarceration.

## SIXTH CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1" through "39" above as though stated fully herein.

41. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

42. The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

43. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

44. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical suffering, mental anguish, and to be unlawfully incarcerated.

## SEVENTH CAUSE OF ACTION

45. Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

46. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 103rd precinct specifically.

47. Upon information and belief, defendants knew that there was inadequate supervision within the NYPD on and prior to December 9, 2007, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite their prior notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were in place to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

48. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

49. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### EIGHTH CAUSE OF ACTION

50. Plaintiff repeats the allegations contained in paragraphs "1" through "49" above as though stated fully herein.

51. Defendants willfully and intentionally seized, searched, beat, and arrested

9

plaintiff without cause, and without a reasonable basis to believe such cause existed, and retaliated against plaintiff for exercising his constitutional rights, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

52. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of race.

53. By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

iii. on the third cause of action actual damages in an amount to be determined at trial;

iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v. on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

vi. on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

vii. on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

viii. on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

ix. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

x. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 2, 2008

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242
(718) 522-1743